**Ron L. Sayer, OSB No. 951910**
rsayer@gattilaw.com
**James M. Healy, OSB No. 123403**
jhealy@gattilaw.com
The Gatti Law Firm
235 Front St. SE, Ste. 200
Salem, Oregon, 97301
Telephone: 503-363-3443
Fax: 503-697-0841
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **RACHEL CHRISTINE BEVIS**, as Co-Personal Representative of the **ESTATE OF ALAMEDA ADDISON**,<br><br>    Plaintiff,<br>vs.<br><br>**EDUARDO DUARTE CASTILLO**, or the unknown driver as described herein, an individual; **EDC TRANSPORT, LLC**, a foreign corporation or its unknown business entity; **LUIS C. CHAGAS**, or the unknown driver as described herein, an individual: **ALLBOUND CARRIERS, INC.**, a foreign corporation or its unknown business entity; **EDMUND ROSSER REAVES**, or the unknown driver as described herein, an individual; **CRAIG ALLEN WHITE**, or the unknown driver as described here, an individual; **NAVAJO EXPRESS, INC.**, a foreign corporation or its unknown business entity,<br><br>    Defendants | Civil Action No.<br><br><br>COMPLAINT<br><br>STATE LAW CLAIM FOR WRONGFUL DEATH<br><br><br>**DEMAND FOR JURY TRIAL** |

Page 1 - COMPLAINT

Plaintiff alleges as follows:

1.

This Complaint arises from the untimely death of Alameda Addison, ("Decedent"). Decedent died from injuries caused by a multiple-vehicle auto crash that occurred on March 2, 2018 on Interstate 84 in Umatilla County, Oregon.

## JURISDICTION AND VENUE

2.

There is diversity of citizenship of the parties adverse in this matter.

3.

The amount in controversy exceeds the minimum requirements of 28 U.S.C. § 1332(a).

4.

Plaintiff's Decedent's injury and death occurred in Umatilla County, Oregon. Thus, venue is appropriate in the District of Oregon, Pendleton Division, pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.

Plaintiff is the duly appointed Co-Personal Representative of the Estate of Alameda Addison, pursuant to Letters of Administration appointing her as such in Umatilla County Circuit Court Case No. 21PB01757.

6.

At all times alleged herein, Defendant Eduardo Duarte Castillo ("Defendant Castillo") was a resident of the State of Washington.

/ / /

/ / /

7.

At all times alleged herein, Defendant EDC Transport, LLC or its unknown business entity ("Defendant EDC") was and is a foreign corporation, with a principal place of business in the State of Washington.

8.

At all times alleged herein Defendant Castillo was an agent and/or employee of Defendant EDC, and was operating in the course and scope of his employment and/or agency with Defendant EDC. Defendant EDC is vicariously liable for the negligence of Defendant Castillo as alleged herein.

9.

At all times alleged herein, Defendant Luis C. Chigas ("Defendant Chigas") was a resident of the State of New Jersey.

10.

At all times alleged herein, Defendant Allbound Carrier Inc. or its unknown business entity ("Defendant Allbound") was and is a foreign corporation, with a principal place of business in the State of Illinois.

11.

At all times alleged herein, Defendant Chigas was an agent and/or employee of Defendant Allbound, and was operating in the course and scope of his employment and/or agency with Defendant Allbound. Defendant Allbound is vicariously liable for the negligence of Defendant Chigas as alleged herein.

/ / /

/ / /

Page 3 - COMPLAINT

The Gatti Law Firm
235 Front St SE #200, Salem, OR 97301
(503) 363-3443

12.

At all times alleged herein, Defendant Edmund Rosser Reaves ("Defendant Reaves") was a resident of the State of Washington.

13.

At all times alleged herein, Defendant Craig Allen White ("Defendant White") was a resident of the State of Washington.

14.

At all times alleged herein, Defendant Navajo Express Inc. or its unknown business entity ("Defendant Navajo") was and is a foreign corporation, with a principal place of business in the State of Colorado.

15.

At all times alleged herein, Defendant White was an agent and/or employee of Defendant Navajo, and was operating in the course and scope of his employment and/or agency with Defendant Navajo. Defendant Navajo is vicariously liable for the negligence of Defendant White as alleged herein.

## FACTS OF THE MARCH 2, 2018 CRASH

16.

On or about March 2, 2018, at approximately 8:40 pm, Decedent was travelling westbound on Interstate 84, near milepost 224, in Umatilla County, Oregon.

17.

On or about March 2, 2018, at approximately 8:40 pm, Defendants Castillo, Chigas, Reaves, and White, were also travelling westbound on Interstate 84 near milepost 224 in Umatilla County, Oregon.

18.

While travelling westbound on Interstate 84 near milepost 224, Defendant Castillo was driving a semi-truck with a tractor-trailer in the right-most lane, when he observed a motor vehicle crash ahead. Defendant Castillo applied his brakes, lost control of his truck and trailer, and slid across the left-most lane of Interstate 84 into a guard rail. Defendant Castillo's truck and trailer came to a rest on the left side of Interstate 84, partially blocking the left-most lane of travel.

19.

While travelling westbound on Interstate 84 near milepost 224, Defendant Chigas was driving a semi-truck with a tractor trailer when he observed a motor vehicle crash ahead. Defendant Chigas applied his brakes, lost control of his truck and trailer, and his tractor trailer slid and came to a rest next to Defendant Castillo's, blocking the left lane of travel of Interstate 84.

20.

Shortly after Defendant Chigas came to a rest in the left lane of travel of Interstates 84 Defendant Reaves, while pulling a fifth-wheel camper, attempted to pass to the right of the stopped vehicles, and in doing so, collided with Defendant Chigas' tractor trailer. After colliding with Defendant Chigas' tractor trailer, Defendant Reaves' truck and camper completely blocked the right lanes of Interstate 84, leaving no place for any traffic to pass.

21.

Shortly after Defendant Reaves collided with Defendant Chigas' truck, Decedent, while driving a Chevrolet Equinox SUV, slid into the rear of Defendant Chigas' trailer.

22.

Shortly after Decedent slid into Defendant Chigas' truck, Defendant White, while travelling westbound on Interstate 84 near milepost 224, was driving a semi-truck with a tractor trailer when he approached the pile-up, applied his brakes, lost control of his truck and trailer, and

crashed into the rear of Decedent's Chevrolet Equinox which crushed Decedent's Chevrolet Equinox into Defendant Chigas' trailer, causing Decedent to be trapped in her vehicle.

### FIRST CLAIM FOR RELIEF
### Negligence (against all Defendants)

23.

Plaintiff realleges Paragraphs 1 through 22 as though fully set forth herein.

24.

The multiple collisions detailed in Paragraphs 16 through 22, together with Decedent's and Decedent's Estate's damages as alleged in Paragraphs 29, were caused by the negligence of Defendants as more specifically alleged below.

25.

At the aforementioned time and place of the collision, Defendant Castillo was negligent in one or more of the following particulars:

   a.  In failing to maintain control of the vehicle then operated by Defendant Castillo as would a reasonably prudent driver under the same or similar circumstances;

   b.  In driving at a speed that was too fast for the conditions then and there existing;

   c.  In violating ORS 811.135, which statute Decedent was within the class of individuals the statute was designed to protect; and

   d.  In violating ORS 811.100, which statute Decedent was within the class of individuals the statute was designed to protect.

26.

At the aforementioned time and place of the collision, Defendant Chigas was negligent in one or more of the following particulars:

    a.      In failing to maintain a proper lookout for other users of the highway;

    b.      In failing to maintain control of the vehicle then operated by Defendant Chigas as would a reasonably prudent driver under the same or similar circumstances;

    c.      In driving at a speed that was too fast for the conditions then and there existing;

    d.      In violating ORS 811.135, which statute Decedent was within the class of individuals the statute was designed to protect; and

    e.      In violating ORS 811.100, which statute Decedent was within the class of individuals the statute was designed to protect.

27.

At the aforementioned time and place of the collision, Defendant Reaves was negligent in one or more of the following particulars:

    a.      In failing to maintain a proper lookout for other users of the highway;

    b.      In failing to maintain control of the vehicle then operated by Defendant Reaves as would a reasonably prudent driver under the same or similar circumstances;

    c.      In driving at a speed that was too fast for the conditions then and there existing;

    d.      In violating ORS 811.135, which statute Decedent was within the class of individuals the statute was designed to protect; and

    e.      In violating ORS 811.100, which statute Decedent was within the class of individuals the statute was designed to protect.

/ / /

/ / /

/ / /

/ / /

28.

At the aforementioned time and place of the collision, Defendant White was negligent in one or more of the following particulars:

a. In failing to maintain a proper lookout for other users of the highway;

b. In failing to maintain control of the vehicle then operated by Defendant White as would a reasonably prudent driver under the same or similar circumstances;

c. In driving at a speed that was too fast for the conditions then and there existing;

d. In violating ORS 811.135, which statute Decedent was within the class of individuals the statute was designed to protect; and

e. In violating ORS 811.100, which statute Decedent was within the class of individuals the statute was designed to protect.

29.

The negligence of Defendants was a substantial factor in causing the death of Decedent. The negligence of Defendants also caused Decedent mental and physical pain and suffering, mental anguish, and emotional distress. Decedent's death resulted in the loss of society, companionship, and services of her surviving heirs. All of these losses result in Decedent's and Decedent's Estate's non-economic damages in a fair and just amount to be determined at the time of trial.

30.

Pursuant to Section 7 of Oregon HB 4212, Plaintiff's instant lawsuit is timely.

/ / /

/ / /

/ / /

## **PRAYER**

WHEREFORE Plaintiff prays for judgment as follows:

On Plaintiff's First Claim for Relief for non-economic damages, in an amount to be determined at trail.

Plaintiff also seeks her costs and disbursements necessarily incurred herein.

DATED THIS 22nd day of December, 2021.

/s/ James M. Healy
Ron L. Sayer, OSB No. 951910
James M. Healy, OSB No. 12343
Attorneys for Plaintiff
