IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RACHEL CHRISTINE BEVIS, as Co-Personal Representative of the Estate of Alameda Addison,<br><br>Plaintiff,<br>v.<br><br>EDUARDO DUARTE CASTILLO, EDC TRANSPORT LLC, LUIS C. CHAGAS, ALLBOUND CARRIERS, INC., EDMUND ROSSER REAVES, CRAIG ALLEN WHITE, and NAVAJO EXPRESS, INC.,<br><br>Defendants. | Case No.: 2:21-cv-01857-AN<br><br>OPINION AND ORDER |

Plaintiff filed this wrongful death action against defendants Eduardo Duarte Castillo; EDC Transport LLC; Luis C. Chagas ("Chagas"); Allbound Carriers, Inc. ("Allbound"); Edmund Rosser Reaves; Craig Allen White ("White"); and Navajo Express, Inc. ("Navajo Express") on December 22, 2021. As relevant here, Allbound filed an answer on February 10, 2022.

On September 11, 2025, Chagas and Allbound's attorney moved to withdraw. The Court held a telephone status conference on October 7, 2025, during which the Court granted the motions to withdraw and, because corporate entities cannot be self-represented, ordered Allbound to obtain substitute counsel within ninety (90) days. On October 10, 2025, Allbound filed a motion to amend or correct the Court's ruling. Plaintiff does not oppose the motion and has informed the Court by email that she does not intend to seek default judgment against Allbound. White and Navajo Express oppose the motion. For the reasons stated herein, Allbound's motion is DENIED.

## LEGAL STANDARD

"It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) (citation modified); *see* Local Rule 83-9(b) ("Unless otherwise provided by law or Court

1

order, a corporation may appear or act only through an attorney."). In the Ninth Circuit, when a corporate entity defendant fails to retain counsel, the Court may strike that defendant's answer and enter default against it. *Farmer v. Thar Process, Inc.*, No. 1:22-cv-01076-AA, 2023 WL 8096906, at *1 (D. Or. Nov. 21, 2023) (noting that corporations that fail to obtain counsel are "subject to the entry of default and default judgment"); *Rojas v. Hawgs Seafood Bar, Inc.*, No. C08-03819 JF (PVT), 2009 WL 1255538, at *1 (N.D. Cal. May 5, 2009) (citation omitted) ("When a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it."); *see Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (reaffirming that the Ninth Circuit "recognize[s] default as a permissible sanction for failure to comply with local rules requiring representation by counsel"); *see also Marti v. U.S. Pro Moving & Logistics, LLC*, No. 1:21-cv-0471-AA, 2023 WL 4703121, at *1 (D. Or. July 24, 2023) (striking answer and entering default where corporate defendant "remain[ed] unrepresented despite having been provided with ample opportunity by the [c]ourt to secure replacement counsel both before and after the [c]ourt granted prior counsel's motion to withdraw"); *see also Oracle Am., Inc. v. Serv. Key, LLC*, No. C 12-00790 SBA, 2013 WL 1195620, at *2 (N.D. Cal. Mar. 22, 2013) (providing fifteen days from order to obtain counsel before striking answer and directing entry of default against a defendant who fired counsel "despite its awareness that its failure to retain substitute counsel could lead to the entry of a default judgment against it"); *and see Osgood v. Main Streat Mktg, LLC*, No. 16cv2415-GPC(BGS), 2017 WL 3194460, at *1 (S.D. Cal. July 27, 2017) (striking a corporate defendant's answer and entering default as to that defendant where it "failed to retain counsel as directed by the [c]ourt").

## DISCUSSION

Allbound asks the Court "to amend [it]s oral order [requiring Allbound to retain counsel within ninety days] by allowing Allbound to remain a defendant, without an attorney, in the case through conclusion of the trial." Def. Allbound Mot. to Am. Oral Order Re: Substitute Counsel, ECF [85], at 2. Allbound clarifies that it will not be flouting the rules that disallow a corporate entity from representing itself because it will not be appearing or otherwise defending itself moving forward in this action and it has not sought affirmative relief by way of counterclaim or crossclaim. *Id.* at 3. Allbound asserts that "its

2

inability to retain counsel should not be extrapolated to denying it the opportunity to remain as a defendant in this case through trial" and that plaintiff should still be required to prove her case against Allbound. *Id.* Ultimately, Allbound argues that because plaintiff has represented that she will not seek default judgment against Allbound, and because the evidence shows that Allbound's employee who was involved in the vehicle accident at issue was the only driver to have acted with due care, it would be unfair to enter default as to Allbound simply because it cannot afford an attorney. *See id.*; *and see* Decl. Bobby Srbinov, ECF [86-1], at 2 (declaration by Allbound's president, explaining Allbound's precarious financial position and its employee's "due care").

The Court is not unsympathetic to the limitations presented by Allbound's financial position. Nonetheless, Allbound is a party defendant in this action, and Ninth Circuit law is clear that Allbound, as a corporation, cannot represent itself. The Court takes as true Allbound's assertion that it will not improperly seek to appear or otherwise defend itself in violation of this rule, and the Court is also cognizant of the fact that plaintiff has not sought entry of default. Regardless, as stated above, where a corporate entity defendant has been directed to and fails to retain counsel, it is appropriate to strike that defendant's answer and enter default as to that defendant. For these reasons, the Court declines to amend its order that Allbound is required to retain substitute counsel who must file a notice of appearance within ninety days of the telephone status conference held on October 7, 2025, *i.e.*, on or by January 5, 2026. *See* Mins. of Proceedings of October 7, 2025, ECF [87]. The Court further clarifies that if substitute counsel fails to file a notice of appearance on Allbound's behalf by January 5, 2026, the Court will strike Allbound's answer and enter default as to Allbound.[1]

## CONCLUSION

For the reasons stated herein, defendant Allbound Carriers, Inc.'s Motion to Amend Oral Order Re: Substitute Counsel, ECF [85], is DENIED. As previously ordered, defendant Allbound Carriers, Inc. must obtain substitute counsel within ninety (90) days of the Court's oral ruling, *i.e.*, on or by January

---

[1] To the extent that plaintiff has represented that she does not intend to seek default judgment against Allbound because she no longer seeks relief against Allbound, plaintiff remains free to voluntarily dismiss Allbound from this action.

5, 2026. The Court further clarifies that if a licensed attorney has not filed a notice of appearance on behalf of defendant Allbound Carriers, Inc. by that date, the Court will strike defendant Allbound Carrier, Inc.'s answer and enter default against it.

IT IS SO ORDERED.

DATED this 10th day of October, 2025.

Adrienne Nelson
United States District Judge